# MEMORANDUM

# A CASE NOT REPORTED IN FULL.

RICHARD DONNELLY, Administrator, Appellant, *v.*
WALSTON H. BROWN and Others, Respondents.

*Negligence — when an employer is not liable for injuries sustained by employees, from
a danger incident to the employment.*

Appeal from a judgment in favor of the defendant, entered upon
an order dismissing the complaint made at the Westchester circuit,
and from an order denying a motion for a new trial made upon the
minutes of the justice before whom the action was tried.

This action was brought to recover the damages alleged to have
been occasioned by the death of the plaintiff's intestate, which was
caused by the alleged negligence of the defendant.

The court at General Term said: "The evidence failed to estab-
lish any actionable negligence against the defendants. They are
contractors for the construction of a portion of the new aqueduct
for the city of New York. The plaintiff's intestate was an employee
of the defendants. The work is a tunnel in rock. At the place in
question the entrance to the tunnel is by an incline from the sur-
face. It is generally by a perpendicular shaft. At the head of the
tunnel when a blast is put in and discharged, the rock broken by
the explosion is thrown more or less towards the entrance to the
tunnel. This loose rock is put in cars and carried out to the surface.
The work goes on day and night, and the explosion is generally at
the end of the day or night's work of one set of men. Thus when
one set leave work, there is the result of the explosion in broken
rock on the bottom of the tunnel. It was customary for the reliev-
ing men to construct a scaffolding by which the torn rock was to be
removed, which was loosened as the process of removal proceeded.
The bottom of this scaffolding was a ladder with its foot upon the
loose rock. While the plaintiff's intestate was removing the loose

rock the foot of this ladder slipped from its place on the loose stones and the plank which rested on it fell and killed him. The ladder was sound and the planking good and well laid.

" The only trouble was the insecure place for the foot of the ladder. This was a danger incident to the employment, and was therefore, a risk which must be assumed by the employees. (*Gibson,* v. *Erie R. R. Co.,* 63 N. Y., 452.) The master had done his duty. There is no complaint of the materials or of the capacity of the fellow employees. If the fellow employees were guilty of neglect, then the law is well settled that no action will lie against the master. (*Crispin* v. *Babbitt,* 81 N. Y., 516; *Neubauer* v. *N. Y., L. Erie and W. R. R.,* 101 id., 607.)

" The case shows that it is admitted by the plaintiff 'that the system and the method of the scaffolding, and the appliances adopted and in use by the defendants at the time of the accident to the deceased, was a good and proper system.' The only basis for the action, therefore, is the neglect of the retiring shift to remove the stones before the ladder was placed. It was not a neglect giving a right of action against the master, if such removal should have been made." (*Malone* v. *Hathaway,* 64 N. Y., 5.)

The judgment should, therefore, be affirmed, with costs.

*Smith Lent,* for the appellant.

*Thomas F. Wentworth,* for the respondents.

Opinion by BARNARD, P. J.; PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.